IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BONITA FILS on behalf of herself and and all others similarly situated,** | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO: 4:20-cv-02134 |
| v. | § § § | JURY TRIAL DEMANDED |
| **INTERNET REFERAL SERVICES, LLC** | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

1. Plaintiff Bonita Fils ("Plaintiff") brings this case as a class action against Defendant Internet Referral Services, LLC ("Defendant") pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated. Defendant is an online seller of tickets for various live events, concerts, and shows. Defendant made the unconscionable decision to keep millions of dollars from its customers who had purchased tickets to events, concerts, and shows that were cancelled and never rescheduled following the COVID-19 Pandemic.

2. Defendant's agreement, warranty, and representation to its customers, including Plaintiff, was "a **100% Buyer Guarantee**, which gives you full peace of mind that…**you will receive a complete refund** if the event is canceled and not rescheduled" (emphasis added). Indeed, Defendant stated as follows:

**About**

Thank you for visiting Tickets-Center.com! Tickets-Center.com's goal is to provide you with a fast, simple, and secure website to browse resale tickets. Interactive Price Maps make it easy to select tickets based on your preferences. You are backed by a 100% Buyer Guarantee, which gives you full peace of mind that your authentic tickets will arrive in time for your event and you will receive a complete refund if the event is canceled and not rescheduled.

This website is independently owned and operated and is not affiliated with any official venue or event box office, official venue or event website, and this website is not the licensed ticket agent of any official box office. Prices may be above or below face value. The tickets Tickets-Center.com displays are listed by independent resellers and made available through a third-party platform. The third-party platform also handles checkout, fulfillment, and customer service.

1

3. This representation was made by Defendant on its website and formed the basis of the agreement with Plaintiff and the Class Members. However, instead of honoring this agreement, warranty, and promise, Defendant has refused to provide a full refund. In fact, Defendant has refused to provide any cash refund at all. Defendant sent an email to the Plaintiff and Class Members stating that it will not provide a refund for events cancelled due to the COVID-19 Pandemic. Specifically, Defendant stated as follows:

> We are writing to you to update our earlier email communication regarding the cancellation of your event. We are very sorry, but we need to adjust our event cancellation compensation policy due to events associated with the global pandemic. The coronavirus (COVID-19) has resulted in the cancellation of thousands of live events. Government shutdown orders, which are beyond our control, have made it impossible for events to occur as scheduled. Due to this completely unforeseen and unprecedented epidemic, we are no longer able to offer refunds for events that have been cancelled.

4. During the pandemic, millions of Americans have lost their jobs and the ability to earn a living. Millions of people are struggling to survive. Rather than provide a full refund as promised, Defendant has refused to refund the money spent by its customers. The Plaintiff and Class Members need the money that Defendant is refusing to give back to them. Defendant has taken this decision to profit from the COVID-19 Pandemic to the detriment of millions of Americans.

5. Through the conduct described in this Complaint, Defendant has violated Texas and federal law. Plaintiff brings this case as class action for breach of contract, unjust enrichment, breaches of express and implied warranties, under the Magnuson-Moss Warranty Act, and pursuant to the Texas Deceptive Trade Practices Act ("DTPA"). Plaintiff, on behalf of herself and all others similarly situated, seeks to recover their economic losses, treble damages, exemplary damages, injunctive relief, attorney's fees, costs and interests, and all other relief to which Plaintiff and the Class Members are entitled.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act found in 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in where there are in excess of 100 class members and some of the class members are citizens of a state different than that of Defendant.

7. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction. Defendant does business in Texas, advertises in Texas, markets to Texas consumers, and the violations of the law forming the basis of this lawsuit occurred in Texas. Therefore, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Defendant also had and continues to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over it.

8. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district.

## PARTIES

9. Plaintiff Bonita Fils is a resident of Harris County, Texas. During the relevant time period, Plaintiff purchased a ticket from Defendant for an event that was cancelled due to the COVID-19 Pandemic and was never rescheduled. Defendant has refused to refund her the amount she spent on the ticket.

10. Defendant Internet Referral Services, LLC is a foreign limited liability company organized under the laws of Delaware. Defendant can be served with process by serving its registered agent Harvard Business Services, Inc. at 16192 Coastal HWY, Lewes, DE 19958.

11. The "National Class" consists of all individuals in the United States who purchased one or more tickets from Defendant for an event that was cancelled after January 20, 202 and not rescheduled. Excluded from this Class are Defendant's officers and directors.

12. The "Texas Class" consists of all residents of Texas who purchased one or more tickets from Defendant for an event that was cancelled after January 20, 202 and not rescheduled. Excluded from this Class are Defendant's officers and directors.

## COVERAGE

13. At all material times, Defendant has been a "person" as defined under the Texas Business and Commerce Code. Tex. Bus & Com. Code §§ 17.45(3), 17.50(a)(1).

14. At all material times, Defendant has been a seller as defined under the Texas Business and Commerce Code. Tex. Bus. & Com. Code § 2.103(a)(4).

15. At all material times, Defendant has been a warrantor under the Magnuson-Moss Warranty Act. 15 U.S.C. § 2301(5).

16. At all material times, Defendant has provided a service and/or good within the Texas Business and Commerce Code and the Magnuson-Moss Warranty Act. Tex. Bus. & Com. Code § 2.105(a); 15 U.S.C. § 2301(1).

## FACTS

17. Defendant operates several online resellers of tickets for sporting events, concerts, shows and other live events. In particular, Defendant operates www.tickets-center.com and www.seats.com. Defendant describes its services as follows:

4



18. Defendant promotes itself as a "fast, simple, and secure website to browse resale tickets" for live events. Defendant agrees, promises, and warrants that all customers will have "a 100% Buyer Guarantee, which gives you full peace of mind that your authentic tickets will arrive in time for your event and **you will receive a complete refund** if the event is canceled and not rescheduled." (https://www.tickets-center.com/#&footerLink=AboutFooterLink, last visited June 11, 2020) (emphasis added).

19. On January 16, 2020, Plaintiff purchased a ticket to the Houston Rodeo on www.tickets-center.com. Defendant charged her $193.50 to see Chris Stapleton, an American singer, perform at the Houston Rodeo. Her order number was #32109535. The event was to be held on March 19, 2020.

20. When Plaintiff purchased the ticket from Defendant, she was promised that if the event was canceled and not rescheduled, she would receive a "complete refund." This agreement,

5

promise, and warranty was stated on Defendant's website at https://www.tickets-center.com/#&footerLink=AboutFooterLink.

21. On March 11, 2020, she received an email from Defendant stating that the event "has been cancelled and will no longer take place." Defendant stated as follows:



Bonita,

The event below has been canceled and will no longer take place:

Houston Rodeo - Chris Stapleton CANCELLED (Thu. Mar 19, 2020 6:45 PM)
Order #32109535

Event cancellations are determined by the team, venue, performer, and/or promoter, typically due to unforseen circumstances.

At this time, your order has been submitted for a refund. Please allow 2-4 weeks for this refund to appear back in your account. In some cases, sellers do require tickets back. If you have not heard from us within one month, you are welcome to dispose of the tickets at that time.

Please do not hesitate to contact us if you have any questions.

22. In the email sent by Defendant on March 11, 2020, Plaintiff was promised a "refund to appear back in [her] account" and for this refund to appear in "2-4 weeks."

23. Defendant never gave the refund to Plaintiff or any other Class Member in breach of its agreement, promise, and warranty.

24. On May 18, 2020, Plaintiff contacted Defendant and asked for her refund.

25. The next day, Plaintiff received an email from Defendant stating that it was refusing to provide a refund to Plaintiff and that it had unilaterally changed its refund policy without notice. Defendant stated as follows:

> We are writing to you to update our earlier email communication regarding the cancellation of your event. We are very sorry, but we need to adjust our event cancellation compensation policy due to events associated with the global pandemic. The coronavirus (COVID-19) has resulted in the cancellation of thousands of live events. Government shutdown orders, which are beyond our control, have made it impossible for events to occur as scheduled. Due to this completely unforeseen and unprecedented epidemic, we are no longer able to offer refunds for events that have been cancelled.

26. On May 21, 2020, Plaintiff again contacted Defendant and again asked for Defendant to honor its agreement, promise, and warranty. Defendant refused to do so.

27. Defendant's conduct has caused significant financial and economic harm to Plaintiff and the Class Members as Defendant has willfully taken millions of dollars that rightfully belong to Plaintiff and the Class Members. Defendant's unconscionable conduct continues to this day as more events are being cancelled and Defendant continues to refuse to refund any of its customers their money.

## COUNT I

**Breach of Contract, including Breach of the
Implied Covenant of Good Faith and Fair Dealing**
(On behalf of Plaintiff and the National Class)

28. Plaintiff re-alleges and incorporates the allegations stated above as if set forth fully herein.

29. At all relevant times, Plaintiff and the Class Members entered a valid and enforceable contract with Defendant for the purchase of tickets to live events, concerts, sporting events, shows and other events. Under this agreement, Plaintiff and the Class Members purchased tickets from Defendant and paid money to Defendant for those tickets. Plaintiff and the Class Members have otherwise performed all obligations under their agreement with Defendant.

30. Defendant's agreement with Plaintiff and the Class Members was that if an event is canceled and not rescheduled, a full, 100% cash refund would be provided to Plaintiff and the Class Members.

31. Defendant breached this agreement by not providing a full, 100% cash refund to Plaintiff and the Class Members.

32. In addition, every contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract. Broadly stated, the covenant requires that neither party do anything which will deprive the other of the benefits of the agreement. The implied covenant is aimed at making effective the agreement's promises, and it is breached when a party withholds the benefit to the other party. Here, an essential term of the agreement with Plaintiff and the Class Members was the full, money back refund guarantee. Defendant has breached this agreement.

33. This breach has caused Plaintiff and the Class Members to suffer damages in an amount to be determined at trial.

34. Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Defendant from continuing to charge customers for cancelled events and for continuing to withhold full cash refunds for cancelled events.

## COUNT II

**Conversion**
(On behalf of Plaintiff and the National Class)

35. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

36. Plaintiff and the Class Members owned and possessed money that they gave to Defendant in exchanged for tickets. When the events were canceled, Plaintiff and the Class Members had a right to receive their money back from Defendant.

37. Defendant intentionally refused to give Plaintiff's and the Class Members' money back to them.

38. Plaintiff and the Class Members were harmed through Defendant's intentional refusal to give them their money.

39. Defendant's conduct was a substantial factor in causing Plaintiff's and the Class Members' harm.

40. Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Defendant from continuing to charge customers for cancelled events and for continuing to withhold full cash refunds for cancelled events.

## COUNT III

### Unjust Enrichment
(On behalf of Plaintiff and the National Class)

41. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

42. Plaintiff and the Class Members conferred benefits on Defendant by pay and being charged for tickets to events that were cancelled and not rescheduled.

43. Defendant has knowledge of such benefits.

44. Defendant has been unjustly enriched in retaining the money from Plaintiff's and the Class Members' purchases.

45. Retention of that money under these circumstances is unjust and inequitable because Defendant has charged the Plaintiff and Class Members for tickets to events that were canceled and never rescheduled.

46. This conduct has caused significant injury to Plaintiff and the Class Members. Given that Defendant's retention of the money paid by Plaintiff and the Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class Members in an amount to be determined at trial.

47. Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Defendant from continuing to charge customers for cancelled events and for continuing to withhold full cash refunds for cancelled events.

## COUNT IV

### Breach of Express Warranty
(On Behalf of Plaintiffs and the National Class)

48. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

49. This cause of action is brought against Defendant for breaching its express warranty to provide a full cash refund to Plaintiff and the Class Members.

50. An express warranty was made by Defendant to Plaintiff and the Class Members.

51. Specifically, Defendant made an affirmation of fact and a promise to Plaintiff and the Class Members that it would provide a full cash refund.

52. This affirmation of fact and promise became part of the basis of the bargain. Plaintiff and the Class Members expected that their transaction for the tickets would conform to that affirmation and promise.

53. Here, Defendant has breached this express warranty by failing to provide any refund at all.

54. The representations made by Defendant were the basis and reason why Plaintiff and the Class Members purchased tickets from Defendant.

55. Notice was provided to Defendant and Defendant failed to cure the breaches it committed.

56. Plaintiff and the Class Members have suffered economic harm as a result. As a result of Defendant's illegal conduct, Plaintiff and the Class Members have suffered

injury/economic loss and are entitled to reimbursement of full amount they spent purchasing tickets from Defendant for events that were cancelled due to the COVID-19 Pandemic.

57. Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Defendant from continuing to charge customers for cancelled events and for continuing to withhold full cash refunds for cancelled events.

58. Plaintiff and Class Members also seek reasonable attorney's fees, expenses, and court costs.

## COUNT V

### Breach of Implied Warranty of Merchantability
(On Behalf of Plaintiff and the National Class)

59. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

60. This cause of action is brought against Defendant for breaching implied warranties about the tickets it sold.

61. Here, Defendant sold to Plaintiff and the Class Members tickets that were worthless. The tickets provided access to events that were cancelled and never rescheduled. Defendant promised a full refund to Plaintiff and the Class Members, which it has since refused to do.

62. Defendant did not honor the promises and affirmations stated on its website.

63. Defendant sold worthless tickets to Plaintiff and the Class Members and has kept the money for those worthless tickets.

64. Notice was provided to Defendant and Defendant failed to cure the breaches it committed.

65. Plaintiff and the Class Members have suffered economic harm as a result. As a result of Defendant's illegal conduct, Plaintiff and the Class Members have suffered injury/economic loss and are entitled to reimbursement of full amount they spent purchasing tickets from Defendant for events that were cancelled due to the COVID-19 Pandemic.

66. Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Defendant from continuing to charge customers for cancelled events and for continuing to withhold full cash refunds for cancelled events.

67. Plaintiff and Class Members also seek reasonable attorney's fees, expenses, and court costs.

## COUNT VI

**Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312**
(On Behalf of Plaintiff and the National Class)

68. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

69. This cause of action is brought against Defendant pursuant to 15 U.S.C. § 2310(d)(1) for breaching express and implied warranties about the tickets it sold. Section 2310(d)(1) states as follows:

　　a. a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief.

70. Here, Defendant's website stated that Defendant would provide "a 100% Buyer Guarantee, which gives you full peace of mind that…**you will receive a complete refund** if the event is canceled and not rescheduled" (emphasis added).

12

71. Defendant failed to honor this affirmation and promise.

72. Plaintiff and the Class Members have suffered economic harm as a result. As a result of Defendant's illegal conduct, Plaintiff and the Class Members have suffered injury/economic loss and are entitled to reimbursement of full amount they spent purchasing tickets from Defendant for events that were cancelled due to the COVID-19 Pandemic.

73. Plaintiff and the Class Members also seek injunctive relief and equitable relief prohibiting Defendant from continuing to charge customers for cancelled events and for continuing to withhold full cash refunds for cancelled events.

74. Plaintiff and Class Members also seek reasonable attorney's fees, expenses, and court costs.

## COUNT VII

**Violation of Tex. Bus. & Com. Code §§ 17.41 et. seq**
Texas Deceptive Trade Practices Act
(On Behalf of Plaintiff and the Texas Class)

75. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

76. This cause of action is brought pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act, as codified in the Texas Business & Commerce Code §§ 17.41 *et. seq*. ("DTPA").

77. Plaintiff was a consumer as defined by the Tex. Bus. & Com. Code § 17.45(4).

78. Plaintiff sought or acquired by purchase tickets, which is a "good" or "service" within the meaning of the DTPA. *See* Tex. Bus. & Com. Code § 17.45(1).

79. Plaintiff sought or acquired tickets after Defendant made the false, misleading, and deceptive statement that it would provide "a 100% Buyer Guarantee, which gives you full peace

13

of mind that…**you will receive a complete refund** if the event is canceled and not rescheduled," as set forth above (emphasis added).

80. Defendant's conduct violates Sections 17.46(b)(2), 17.46(b)(5), 17.46(b)(7), 17.46(b)(9), and 17.46(b)(24) of the Texas Business and Commerce Code.

81. Defendant's illegal actions include, but are not limited to the following:

   a. Defendant represented that tickets it sold were of a particular standard, quality, and grade that they are not.  Namely, that the tickets were for events that were cancelled. Also, Defendant represented that it will provide a full refund for any canceled events, which Defendant does not do.

   b. Defendant represented that the tickets it sold have sponsorship, approval, characteristics, and benefits that they do not have. Defendant stated it will provide a full refund for any canceled events, which Defendant does not do.

   c. Breaching express and implied warranties, as further stated above.

82. Defendant's false, misleading, and deceptive acts induced Plaintiff and the Texas Class Members to purchase the tickets.

83. But for Defendant engaging in the false, misleading, and deceptive acts, as identified in this Complaint, Plaintiff and the Texas Class Members would not have purchased the tickets and would not have suffered economic harm.  As a result of Defendant's illegal conduct, Plaintiff and the Texas Class Members have suffered injury/economic loss and are entitled to reimbursement of the amount they spent.

84. Plaintiff and the Texas Class Members also seek treble their economic losses because Defendant acted intentionally.

85. Plaintiff and the Texas Class Members also seek reasonable attorney's fees, expenses, and court costs.

86. Plaintiff and the Texas Class Members also seek injunctive relief and equitable relief prohibiting Defendant from continuing to charge customers for cancelled events and for continuing to withhold full cash refunds for cancelled events.

87. Notice was provided to Defendant and Defendant failed to cure the violations it committed.

## COUNT VIII

### Declaratory Relief
(On Behalf of Plaintiff and the National Class)

88. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above as if fully set forth herein.

89. An actual controversy has arisen and now exists between Plaintiff and the Class Members, on the one hand, and Defendant, on the other hand, concerning the respective rights and duties of the parties under the agreement for the purchase of event tickets sold by Defendant.

90. Defendant deceptively represented the terms and qualifications of the agreement, diverted the payment for the tickets for Defendant's own use and profit, has kept that money and has refused to return it to Plaintiff and the Class Members.

91. Plaintiff, on behalf of herself and the Class Members, seeks a declaration as to the Parties' respective rights and requests that the Court declare that Defendant's conduct is illegal, as alleged in this Complaint, so that future controversies may be avoided and to direct Defendant to return to Plaintiff and the Class Members all payments made for tickets for cancelled events during the class period.

## CLASS ALLEGATIONS

92. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b) on behalf of themselves and on behalf of the following classes:

**TEXAS CLASS**

**All residents of Texas who purchased one or more tickets from Defendant for an event that was cancelled after January 20, 2020and not rescheduled. Excluded from this Class are Defendant's officers and directors.**

**NATIONAL CLASS**

**All individuals in the United States who purchased one or more tickets from Defendant for an event that was cancelled after January 20, 202 and not rescheduled . Excluded from this Class are Defendant's officers and directors.**

93. **Numerosity**. The members of the Classes are so numerous that joinder of all members of the Classes is impracticable. Plaintiff is informed and believes that the proposed Classes contain thousands of members who have been harmed by Defendant's conduct as alleged herein. The precise number of Class Members is unknown to the Plaintiff but is believed to be well in excess of 1,000.

94. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Classes because all Class Members were injured through the uniform misconduct described above and were all subject to Defendant's illegal conduct. Plaintiff is advancing the same claim and legal theories on behalf of the Classes.

95. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained counsel experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Classes.

96. **Rule 23(b)(1):** Class action status is warranted under Rule 23(b)(1)(A) because prosecuting separate actions by or against individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes, which would establish incompatible standards of conduct for Defendant.

97. Class action status is also warranted under Rule 23(b)(1)(B) because prosecuting separate actions by or against individual members of the Classes would create a risk of adjudications with respect to individual members of the Classes, which would, as practical matter be dispositive of the interests of the other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

98. **Rule 23(b)(2):** This action is appropriate as a class action pursuant to Rule 23(b)(2) because Plaintiff seeks injunctive relief and corresponding declaratory relief for the Classes. Defendant has acted in a manner generally applicable to each member of the Classes.

99. Defendant's unlawful practices, if not enjoined, will subject Plaintiff and the Class Members to continuing harm and will cause irreparable injuries to Plaintiff and the Class Members.

100. The adverse financial impact of Defendant's unlawful actions is continuing and, unless preliminarily and permanently enjoined, will continue to irreparably injure Plaintiff and the Class Members.

101. **Rule 23(b)(3):** This action is also appropriate as a class action pursuant to Rule 23(b)(3) because common questions of fact and law predominate over any individualized questions. These common legal and factual questions include, but are not limited to, the following:

    (a)    whether Defendant's representations discussed above are false, misleading, or objectively reasonably likely to deceive consumers;

17

(b)  whether Defendant breached its agreement to provide a full refund for cancelled events;

(c)  whether Defendant intentionally withheld money belonging to Plaintiff and the Class Members;

(d)  whether Defendant breached its warranty to provide a full and complete refund; and

(e)  whether Defendant has been unjustly enriched to the detriment of the Plaintiff and Class Members.

102.  **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class Members could afford such individualized litigation, it would place a tremendous strain on judicial economy. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

103.  Indeed, by concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this

action can be provided to the Class Members by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of members of the Class Members is readily identifiable from Defendant's records.

104. This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or marketing were uniform; (2) Defendant's agreement with the Class Members was uniform; (3) Defendant's promise, warranty, and agreement to provide a full refund for cancelled events was the same for all Class Members; and (4) the necessary records to prove Defendant's illegal acts are in the possession of Defendant. Ultimately, a class action is a superior form to resolve the claims detailed herein because of the common nucleus of operative facts centered on Defendant's illegal conduct.

105. Unless a class is certified, Defendant will retain the money it wrongfully received as a result of its illegal conduct. Defendant has acted and refused to act on grounds generally applicable to all Class Members, making a class action a superior means to resolve this case.

## JURY DEMAND

106. Plaintiff hereby demands trial by jury on all issues.

## PRAYER

107. For these reasons, Plaintiff prays for:

   a. An order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure;

   b. A judgment against Defendant awarding Plaintiff and the Class Members their economic losses, treble damages, and all statutory penalties;

   c. Exemplary damages within the jurisdictional limits of the Court;

   d. An order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

                          HODGES & FOTY, L.L.P.

                By:  /s/ Don J. Foty
                     Don J. Foty
                     dfoty@hftrialfirm.com
                     Texas State Bar No. 24050022
                     Federal Bar No. 711552
                     David W. Hodges
                     dhodges@hftrialfirm.com
                     Texas State Bar No. 00796765
                     Federal Bar No. 20460
                     4409 Montrose Blvd., Suite 200
                     Houston, TX 77006
                     Telephone: (713) 523-0001
                     Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS